IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT ALIOTTA, )
        Plaintiff ) C.A. No. 07-108 Erie
)
v. ) District Judge McLaughlin
) Magistrate Judge Baxter
UNITED STATES OF AMERICA, et al., )
        Defendants. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.     RECOMMENDATION

It is respectfully recommended that Defendant's motion to dismiss or, in the alternative, motion for summary judgment [Document # 32] be granted.

## II.     REPORT

### A.     Procedural History

On or about November 5, 2006, Plaintiff Robert Aliotta, an inmate incarcerated at the United States Penitentiary at Canaan in Waymart, Pennsylvania ("USP-Canaan"), filed this *pro se* action pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., alleging that various items of his personal property were negligently lost or misplaced during his transfer from the Federal Correctional Institution at McKean in Bradford, Pennsylvania ("FCI-McKean") to USP Canaan. Named as Defendants are: United States of America ("United States"); James F. Sherman, former Warden at FCI McKean ("Sherman"); Cameron Lindsay, Warden at USP-Canaan ("Lindsay"); Henry J. Sadowski, Regional Counsel for the Federal Bureau of Prisons ("Sadowski"); Mr. Faulkner, Recreation Supervisor at FCI-McKean ("Faulkner"); and Mr. Roche, a correctional counselor at FCI-McKean ("Roche"). As relief for his claims, Plaintiff seeks to recover the value of the lost items, in the claimed amount of $ 1,792.21, plus punitive damages, costs, and attorneys' fees.

This action was originally filed by Plaintiff in the United States District Court for the

Middle District of Pennsylvania, and was subsequently transferred to this Court on May 11, 2007. [Document # 29]. On September 7, 2007, the Defendants filed a motion to dismiss, or in the alternative, motion for summary judgment [Document # 32], arguing that: (i) the individual Defendants should be dismissed because they are improper parties to an FTCA action; and (ii) Plaintiff's claim against the United States should be dismissed because it is barred by either the FTCA's "postal matter" exception or "detention of goods" exception.[1] On October 5, 2007, Plaintiff filed a brief in response to Defendants' motion essentially reiterating his claims, but clarifying that he does not claim that his property was lost in the mail. [Document # 35]. This matter is now ripe for consideration.

### B. Factual History

On November 4, 2004, Plaintiff was transferred from FCI-McKean to USP-Canaan, at which time he was told to mail most of his personal property to his home, because he wasn't allowed to take the property with him. (Complaint at ¶ 9). Plaintiff alleges that the property was packed in three boxes, two of which were delivered properly. (Id. at ¶ 10). However, the third box, which contained the contents of Plaintiff's art locker, never reached its intended destination. (Id. at ¶ 12). This box was left in the possession of Defendant Faulkner and was to be "mailed under his authority." (Id.). When Plaintiff discovered that the third box did not arrive at its destination, he asked Defendant Roche to help him locate the lost items, but received no response. (Id. at ¶ 13). As a result, Plaintiff filed an Administrative Tort Claim on or about November 28, 2005, seeking monetary damages in the amount of $ 1,792.21, representing the claimed value of the hobbycraft materials that were contained in the third box. (Id. at ¶ 23). On or about May 18, 2006, Defendant Sadowski provided Plaintiff with a written response denying the tort claim, stating that the recreation staff at FCI-McKean did not accept

---

[1] Defendants also move to dismiss Plaintiff's civil rights claims filed pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971); however, the complaint makes clear that Plaintiff's claims are based solely upon the FTCA. (Complaint at ¶¶ 2, 3). As a result, Defendants arguments to dismiss Plaintiff's alleged Bivens claims will not be considered.

2

boxes from inmates for mailing. (Id. at ¶¶ 24-25). This action ensued.

### C.     Standards of Review
#### 1.     Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

**2.     Summary Judgment**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.

Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will effect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D. Discussion

#### 1. Individual Defendants

Defendants argue that Plaintiff cannot proceed with his claims against Defendants Sherman, Lindsay, Sadowski, Faulkner and Roche because they are not proper parties under the FTCA. This Court agrees. Although the FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees, the United States is the only proper defendant in an action brought under the FTCA. 28 U.S.C. § 2679; see, e.g., Good v. Ohio Edison Co., 149 F.3d 413, 418 (6th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998); Mars v. Hanberry, 752 F.2d 254, 255 (6th Cir. 1985). Thus, Plaintiff's FTCA claims against Defendants Sherman, Lindsay, Sadowski, Faulkner and Roche should be dismissed.

#### 2. Detention of Goods Exception

Defendants argue that Plaintiff's property loss claims are not cognizable under the FTCA because they fall within the "detention of goods exception" to the Act's waiver of sovereign immunity. This exception is set forth at 28 U.S.C. § 2680(c) and provides that the government's waiver of immunity under the FTCA "shall not apply to ... *[a]ny claim arising in respect of* the assessment or collection of any tax or customs duty, or *the detention of any goods, merchandise, or other property by* any officer of customs or excise or *any other law enforcement officer*...." (emphasis added).

Because Plaintiff alleges that he gave the personal property in question to a Bureau of Prisons ("BOP") officer, Defendant Faulkner, to detain pending mailing, the removal and storage of Plaintiff's property was plainly a "detention of goods" within the meaning of 28 U.S.C. § 2680(c). See Kosak v. U.S., 465 U.S. 848, 854 (1984)(broadly interpreting the meaning of "arising in respect of ... the detention of goods" to apply to storage and negligent handling of property); Chapa v. U.S. Dept. of Justice, 399 F.3d 388, 391 (5th Cir. 2003)(BOP's process of packaging, inspecting and inventorying inmate's personal property to be transferred to new correctional facility held to be "detention" for purposes of 28 U.S.C. § 2680(c)); Hatten

6

v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)(packaging and mailing of inmate's personal property to inmate's mother's address was "detention of goods" under 28 U.S.C. § 2680(c)).

The only question regarding the applicability of the "detention of goods exception" is whether the phrase "any other law enforcement officer" includes a BOP officer. This question was recently resolved by the United States Supreme Court in Ali v. Federal Bureau of Prisons, __ U.S. __, 128 S.Ct. 831 (Jan. 8, 2008), in which the Court held that the phrase "any other law enforcement officer" found in the detention of goods exception to the FTCA covers all law enforcement officers, including BOP officers. 128 S.Ct. at 841. In light of this decision, Defendant Faulkner was a "law enforcement officer" under 28 U.S.C. § 2680(c) at the time he detained Plaintiff's personal property. As a result, Plaintiff's property loss claims fall within the "detention of goods exception" to the FTCA's waiver of sovereign immunity, and should be dismissed accordingly.

### 3. Postal Matter Exception

Alternatively, despite Plaintiff's denial that he never claimed that his box of personal property was lost in the mail, he does claim that the box never reached its destination. Thus, at least impliedly, Plaintiff's allegations may be construed as claiming that the box was never delivered due to the fault of the postal service.

To the extent Plaintiff alleges that his property was lost after it was placed in the mail, such a claim is specifically excepted from the FTCA's limited waiver of sovereign immunity pursuant to 28 U.S.C. § 2680(b), which provides:

> The provisions of this chapter and section 1346(b) of this title [waiving sovereign immunity] shall not apply to -
>
> \*            \*            \*
>
> (b)    **Any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter.**

(emphasis added). See Dolan v. United States Postal Service, 546 U.S. 481, 486 (2006) ("Congress intended to retain immunity ... for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong

address"); Hooker v. U.S. Post Office, Overbrook Station, 255 Fed Appx. 658, 660 (3d Cir. 2007)(claim that Postal Service negligently delivered mail to wrong address fell "squarely within the postal exception to the FTCA"). As a result, this Court lacks subject matter jurisdiction to hear such a claim.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss, or in the alternative, motion for summary judgment [Document # 32] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  April 10, 2008

cc:     The Honorable Sean J. McLaughlin
        United States District Judge